UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

JAMES IRA MULLEN and )
SHANNON MENECE MULLEN )
)
    Plaintiffs, )
) NO. 2:18-cv-0046
v. ) CHIEF JUDGE CRENSHAW
)
SOUTHEAST BANK, )
)
    Defendant. )

**MEMORANDUM OPINION**

Pending is the *ex parte* Motion Requesting Emergency Temporary Restraining Order ("TRO motion") (Doc. No. 3) filed by Plaintiffs James Mullen and Shannon Mullen against Defendant SouthEast Bank, seeking to prevent the foreclosure sale of their property, currently scheduled for June 1, 2018 at 10:00 a.m.

In addition, as a threshold matter, because Plaintiffs seek to proceed *in forma pauperis*, the Court must (1) determine whether they have sufficient financial resources to pay the filing fee and (2) conduct an initial review of the Complaint (Doc. No. 1) pursuant to 28 U.S.C. § 1915(e).

**I.** *In Forma Pauperis* **Status**

Because it appears from their submission (Doc. No. 2) that Plaintiffs lack sufficient financial resources from which to pay the full filing fee in advance, the application will be granted.

## II. Initial Review of Complaint

### A. Legal Standard

The Court is required to conduct an initial review of any *in forma pauperis* complaint and to dismiss it if it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007). In conducting this review, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### B. Factual and Procedural Background

Plaintiffs allege that they reside at 4170 Cowan Road in Cookeville, Tennessee, and that defendant SouthEast Bank is likewise based in Cookeville. According to the Complaint, in the summer or fall of 2017, Defendant extended a mortgage loan to Plaintiffs that was secured by Plaintiffs' primary residence as collateral. The purpose of the mortgage was to satisfy a balloon payment of $42,000 owed upon the maturity of a previous loan earlier in 2017. Under the terms of the loan extended by Defendant, Plaintiffs were required to make payments of at least $852.49 per month, even though their monthly income was only $915 per month. Plaintiffs expressed concern about their ability to make these payments in light of their income. Defendant's loan

officer assured them that this was their best option for keeping their home, even though the loan officer was aware that both Plaintiffs are disabled and their income was unlikely to increase.

Plaintiffs filed suit on May 31, 2018, seeking to prevent a foreclosure sale of their home from taking place on June 1, 2018, under 15 U.S.C. § 1640(k), which is also the asserted basis for this Court's jurisdiction. Plaintiffs also assert various causes of action under state tort law, including a claim for the tort of "unconscionability" and the negligent and intentional infliction of emotional distress.

**C.     Discussion**

The Truth in Lending Act ("TILA") statutory provision cited by Plaintiffs in the Complaint provides, in relevant part:

> [n]otwithstanding any other provision of law, when a creditor, assignee, or other holder of a residential mortgage loan . . . initiates a judicial or nonjudicial foreclosure of the residential mortgage loan . . . , a consumer may assert a violation by a creditor of . . . section 1639c(a) of this title, as a matter of defense by recoupment or set off without regard for the time limit on a private action for damages under subsection (e).

15 U.S.C. § 1640(k). Section 1639c(a)(1), in turn, states:

> [N]o creditor may make a residential mortgage loan unless the creditor makes a reasonable and good faith determination based on verified and documented information that, at the time the loan is consummated, the consumer has a reasonable ability to repay the loan, according to its terms, and all applicable taxes, insurance (including mortgage guarantee insurance), and assessments.

Section 1640(k)(1) is essentially an extended statute of limitations provision that incorporates Section 1639c(a). It appears from the factual allegations of the Complaint that this action was filed within TILA's standard one-year statute of limitations, see 15 U.S.C. § 1640(e), so § 1640(k) does not apply.[1] Liberally construing the Complaint for purposes of initial review,

---

[1] The extended statute of limitations provision of § 1640(k) is also not substantively relevant. Section 1640(k) only applies to actions "of defense by recoupment or setoff," not "offensive"

3

the Complaint suggests that Plaintiffs are actually claiming that Defendant violated § 1639c(a)(1) by extending a loan to Plaintiffs in late 2017 on terms which Defendant knew or should have known Plaintiffs would not reasonably be able to meet.[2] For purposes of the initial review, the Court finds that Plaintiffs have stated a cause of action for violation of this TILA provision.

### III. TRO Motion

Plaintiffs seeks a TRO to enjoin the foreclosure sale of their property on June 1, 2018. (Doc. No. 3.) The Court finds that it is does not yet have enough information to decide the merits of the TRO Motion.[3] However, the Court is concerned that the Plaintiffs may suffer irreparable harm if they are ejected from their property upon the scheduled foreclosure sale. Accordingly, the Court will order the parties to maintain the status quo, including postponement of the foreclosure sale, until Defendant can respond to the TRO Motion.

### IV. Conclusion

For the reasons set forth herein, Plaintiffs' application to proceed *in forma pauperis* (Doc. No. 2) will be granted. The Court will order the parties to maintain the status quo, including postponement of the foreclosure sale, pending further Court action on the TRO Motion. The Clerk will be directed to promptly issue process for Defendant and to ensure that service is effected upon it in accordance with Rule 4(c)(3) of the Federal Rules of Civil Procedure. Plaintiffs are forewarned that their prosecution of this action will be jeopardized if they fail to

---

TILA claims like this one brought by Plaintiffs. Derbabian v. Bank of Am., N.A., 587 F. App'x 949, 955 (6th Cir. 2014); Qadeer v. Bank of Am., N.A., No. 12-14310, 2013 WL 424776, at *4 (E.D. Mich. Feb. 4, 2013).

[2] This is confirmed by the Plaintiffs' TRO Motion, which references § 1639c. (Doc. No. 3.)

[3] Among other things, the Court is concerned about whether injunctive relief is available for a § 1639c(a) TILA violation. See 15 U.S.C. § 1640(a) (listing damages for civil liability).

keep the Clerk's Office informed their current address at all times. This action will be referred to a Magistrate Judge for further proceedings.

An appropriate order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR
CHIEF UNITED STATES DISTRICT JUDGE